**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

JUN 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GILBANE FEDERAL, FKA ITSI Gilbane Company,

        Plaintiff-counter-
defendant-Appellee,

  v.

UNITED INFRASTRUCTURE
PROJECTS FZCO, a foreign corporation;
UNITED INFRASTRUCTURE
PROJECTS SAL (OFFSHORE)
LEBANON, a foreign corporation,

        Defendants-counter-
claimants-Appellants.

No.   17-16814

D.C. No. 3:14-cv-03254-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted June 13, 2019
San Francisco, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  GOULD and IKUTA, Circuit Judges, and PEARSON,[**] District Judge.

United Infrastructure Projects FZCO and United Infrastructure Projects Lebanon (collectively "UIP") appeal the district court's ruling that Gilbane Federal was entitled to terminate UIP for a default, as defined in the Federal Acquisition Regulation 52.249-10, 48 C.F.R. § 52.249-10.[1]  We have jurisdiction under 28 U.S.C. § 1291.

We first reject UIP's arguments that the original contract deadline of December 4, 2014, should be extended due to excusable delays.  *See* 48 C.F.R. § 52.249-10(b).  The district court did not clearly err in finding that UIP was not entitled to an extension of the deadline due to Kinney allegedly being a sole source provider.  The record supports the district court's finding that UIP refused to deal with Kinney because of Kinney's prices, rather than due to UIP's concern about ethical improprieties.  Further, the district court did not clearly err in rejecting UIP's argument that it was entitled to an extension of the deadline under *United States v. Spearin*, 248 U.S. 132 (1918), due to the Navy's requirement that the

[**]    The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

[1] We analyze this issue under federal law because both parties assume that federal law applies to the interpretation of the contract's definition of default.  *See Glickman v. Collins*, 13 Cal. 3d 852, 857 n.1 (1975), *disapproved of on other grounds by In re Marriage of Dawley*, 17 Cal. 3d 342 (1976); *Wells v. Wells*, 74 Cal. App. 2d 449, 453 (1946).

switchgear include a fourth position indicator.  Although this was subsequently determined to be an erroneous requirement, Gilbane did not know that when it terminated the contract.  *See McDonnell Douglas Corp. v. United States*, 323 F.3d 1006, 1019 (Fed. Cir. 2003) (courts consider only what the parties knew at the time of termination).  The district court did not clearly err when it determined that, at the time of termination, Gilbane knew only that UIP refused to contract with providers who could comply with the fourth position indicator requirement, and the requirement remained in place as of the date Gilbane terminated the contract.  Lastly, the district court did not clearly err in finding that programming was not on the project's critical path.  Although Gilbane subsequently told the Navy that programming was a critical path item, the district court's conclusion that this statement was false was not clearly erroneous.

Because UIP was not entitled to an extension of the contract deadline for excusable delays, the district court did not err in determining that Gilbane was justifiably insecure that there was "no reasonable likelihood that the [contractor] could perform the entire contract effort within the time remaining for contract performance," namely December 4, 2014.  *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 765 (Fed. Cir. 1987).  The record establishes that the switchgear was on the project's critical path, including evidence that the Navy,

3

UIP, and Gilbane all identified the switchgear as such a critical path item. Because the switchgear had a lead time of six to nine months for delivery, and UIP had failed to submit a compliant switchgear submittal that met the Navy's specifications as of June 2014, Gilbane was justified in believing there was no reasonable likelihood that UIP could complete the contract by December 4, 2014. *Id.* Because the record clearly establishes that UIP could not complete the work within the required time, Gilbane was not required to complete a time impact analysis before reaching such a conclusion.[2] *Cf. id.*

**AFFIRMED.**

---

[2] Because we affirm on this ground, we need not consider Gilbane's argument that UIP has waived the right to argue that it is entitled to an excusable delay under *Greg Opinski Construction, Inc. v. City of Oakdale*, 199 Cal. App. 4th 1107 (2011).